UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE NEGRETE, : | |
| : | |
| Plaintiff, : | Civil Action No. 3:19-cv-18480-GC-DEA |
| : | |
| v. : | **MEMORANDUM ORDER** |
| : | |
| STATE OF NEW JERSEY, *et al.*, : | |
| : | |
| Defendants. : | |

**ARPERT, United States Magistrate Judge**

This matter comes before the Court on a motion by *pro se* Plaintiff Jose Negrete for the appointment of *pro bono* counsel filed on January 3, 2023. ECF No. 41. Surviving the Defendants' Motion for Summary Judgment, the Court is left to grapple with Plaintiff's claim under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), codified at 42 U.S.C. §§ 2000cc-1, a First Amendment retaliation claim, and a Free Exercise claim. ECF No. 1. Plaintiff has made two prior motions for appointment of pro bono counsel, dated November 11, 2019 [ECF No. 6] and September 29, 2020. ECF No. 12. The instant Motion is unopposed. For the reasons outlined below, Plaintiff's Motion is **GRANTED**.

**I.     BACKGROUND**

On August 16, 2019, Plaintiff filed an Amended Complaint in state court, alleging that the State of New Jersey, the New Jersey Department of Corrections, Bruce Davis, Craig Sears, Victor M. Lee, and Jamal El-Chebli (collectively the "Defendants") violated Plaintiff's rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") and the First Amendment. ECF No. 1. On September 27, 2019, Defendants removed the case to this Court. ECF No. 1. Since the

case was removed, Plaintiff has filed a Motion for the Appointment of Pro Bono Counsel [ECF No. 6]; Plaintiff's Second Motion for the Appointment of Pro Bono Counsel [ECF No. 12]; a Motion for Enlargement of Time to submit Memorandum in Opposition to Summary Judgment [ECF No. 27]; a Motion for Extension of Time to File opposition to Motion for Summary Judgment [ECF No. 29]; a Memorandum in Opposition to Defendant's Motion for Summary Judgment [ECF No. 32]; and a Motion for Extension of Time to File Memorandum in Opposition to Summary Judgment [ECF No. 34]. On November 29, 2022, the District Judge filed an Opinion and signed an Order granting in part and denying in part the Motion for Summary Judgement. ECF Nos. 39 & 40. Thereafter, Plaintiff filed the instant Motion for the Appointment of Pro Bono Counsel on January 3, 2023. ECF No. 41.

In this Motion, Plaintiff moves for the appointment of counsel because of the complexity of the case after the ruling on summary judgment. If the case reaches a trial, Plaintiff asserts it is necessary to receive assistance of counsel in order to be able to present his case.

## II.   LEGAL STANDARDS

While there is no right to counsel in a civil case, 28 U.S.C. § 1915(e) provides that the District Court has broad discretion to "request an attorney to represent any person unable to afford counsel." *See Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997); *Tabron v. Grace*, 6 F.3d 147, 153-54 (3d Cir. 1993). Appointment of counsel, pursuant to § 1915(e), may be made at any point in the litigation, and may be made by a district court *sua sponte*. *See Tabron*, 6 F.3d at 156.

In deciding whether to appoint counsel under § 1915(e), first the Court must determine that Plaintiff's claim has some merit in law and fact. *See Tabron*, 6 F.3d at 155. Once the Court finds that the Plaintiff has met that merit threshold, the Court must weigh several factors:

> (1) the plaintiff's ability to present his or her own case; (2) the difficulty of the particular legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue investigation; (4) the extent to which a case is likely to turn on credibility determinations; (5) whether the case will require testimony from expert witnesses, and; (6) the plaintiff's capacity to retain counsel on his or her own behalf.

2

*Tabron*, 6 F.3d at 155-57; *Parham*, 126 F.3d at 457. There are also practical constraints on the Court's ability to appoint counsel that must be considered such as "the lack of funding to pay appointed counsel, the limited supply of competent lawyers willing to do pro bono work, and the value of lawyers' time." *Jenkins v. D'Amico*, Civ. Action No. 06-2027, 2006 WL 2465414, at *1 (D.N.J. Aug. 22, 2006) (citing *Tabron*, 6 F.3d at 157-58).

### III. ANALYSIS

To begin, the Court must assess whether Plaintiff's claims have "some arguable merit in fact and law." *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002) (citing *Parham*, 126 F.3d at 457). By denying Defendants' Motion for Summary Judgment with respect to Plaintiff's remaining claims, the Court has determined that these claims have such merit. *See* ECF No. 39; *Tormasi v. Hayman*, No. 08-4950, 2011 WL 13196462, at *1 (D.N.J. Dec. 22, 2011) ("As this case appears to be headed for trial in the coming months, there is arguable merit to the claims presented by the Plaintiff.").

As to the first *Tabron* factor, unfamiliarity with the law – that is, a lack of legal training – is not, by itself, a basis for appointing counsel. *Hooks v. Schultz*, No. 07-5627, 2010 WL 415316, at *1 n.2 (D.N.J. Jan. 29, 2010); *Council v. Nash*, No. 06-007, 2007 WL 1651191, at *2 (D.N.J. June 1, 2007). In considering this factor, courts should examine "the plaintiff's education, literacy, prior work experience, and prior litigation experience," as well as a plaintiff's access to relevant resources, such as a typewriter, photocopier, telephone, and computer. *Boretsky v. Corzine*, No. 08-2265, 2008 WL 5047939, at *10 (D.N.J. Nov. 20, 2008) (citing *Tabron*, 6 F.3d at 156). To date, without the assistance of counsel, Plaintiff has filed a memorandum of law and numerous motions with the Court, demonstrating his literacy and ability to reference pertinent legal principles. *See Lazko v. Watts*, 373 Fed. App'x 196, 201 (3d Cir. 2010) (holding the plaintiff's "numerous submissions indicated that he was able to present the necessary legal and factual issues to the court"); *Thrower v. New Jersey Dep't*

3

*of Corr.*, No. 07-3434, 2007 WL 3376717, at *2 (D.N.J. Nov. 7, 2007) (finding a plaintiff had the ability to adequately express himself based on his "ability to successfully submit several documents, including an IFP application and a statement of claims" and an ability to "competently articulat[e] his arguments"). Plaintiff therefore has, to this point, been able to sufficiently prosecute his case and this factor weighs against appointing counsel.

Regarding the second factor, "the complexity of the particular legal issue involved must be considered in assessing an indigent civil litigant's application for counsel." *Montgomery*, 294 F.3d at 502 (citing *Tabron*, 6 F.3d at 156). According to the Third Circuit, "where the law is not clear, it will often best serve the ends of justice to have both sides of a difficult legal issue presented by those trained in legal analysis." *Tabron*, 6 F.3d at 156. Plaintiff, in his third motion for *pro bono* counsel, points to the complexity of the issues in relation to trial and the partial denial of Defendants' motion for summary judgment. ECF No. 41 at 3. While this Court has previously found that the issues presented in the instant case were relatively straightforward and not unusually complex, such statements were accompanied by an awareness that "the issues could become more complex as the case proceeds," requiring the Court to monitor such considerations. ECF No. 7 at 3. Given that dispositive motion practice has concluded and the case is proceeding to trial, the resolution of this matter will involve newfound and relatively complex issues. *See Abdul-Aziz v. Lanigan*, No. 17-2806, 2020 WL 3287229, at *15 (D.N.J. June 18, 2020) (appointing counsel for plaintiff for "the purpose of settlement and/or trial" *sua sponte*, after denying defendants' motion for summary judgment). Accordingly, this factor weighs in favor of appointing counsel.

With respect to the third *Tabron* factor, the Court must determine the degree to which factual investigation will be necessary, taking under consideration "[the] prisoner's inability to gather facts relevant to the proof of his claim," and the discovery issues involved. *Montgomery*, 294 F.3d at 503; *see Parham*, 126 F.3d at 459 ("[C]ourts should be aware that it may be difficult for indigent plaintiffs

4

to understand the complex discovery rules.") (citing *Tabron*, 6 F.3d at 156). Here, the case's discovery period ended on July 30, 2021, and thus further factual investigation is currently unnecessary, weighing against appointing counsel. ECF No. 15.

The fourth factor – whether the case will depend on credibility determinations – is an important consideration for the Court since "it is more likely that the truth will be exposed where both sides are represented by those trained in the presentation of evidence and in cross examination." *Tabron*, 6 F.3d at 156 (quoting *Maclin v. Freake*, 650 F.2d 885, 888 (7th Cir. 1981)). The Third Circuit has noted that "it is difficult to imagine a case that does not" rely upon credibility, and thus courts should determine, for the purposes of this factor, "whether a case… [is] solely a swearing contest. *Parham*, 126 F.3d at 460. Further, there may be cases that are at a stage of litigation where it is difficult to determine whether they rest purely upon "he said/she said" allegations, and the factor may weigh neither for nor against the appointment of counsel. *Andrews v. Whittaker*, No. 13-4812, 2017 WL 935159, at *3 (D.N.J. Mar. 9, 2017). Credibility determinations are likely to play a substantial part in an upcoming trial, especially given the possibility that Plaintiff will testify at trial with respect to the alleged violations, such as the events surrounding Plaintiff's retaliation claim. Given the stage of the current action, this factor leans in favor of appointing counsel.

Regarding the fifth *Tabron* factor, the need for expert witnesses "weighs heavily in favor of appointment of counsel." *Parham*, 126 F.3d at 460. Plaintiff has failed to demonstrate that he will require expert testimony in making his case against Defendants and has not made a statement of such a need in any of his previous requests for counsel. Without support or explanation from Plaintiff, this factor weighs against appointing *pro bono* counsel.

Regarding the sixth factor, there is no evidence in the record that Plaintiff can afford to retain counsel on his own behalf. Courts have questioned the "independent weight of this factor, as indigent litigants by definition will almost always be able to satisfy it." *Palomino v. New Jersey*, No. 15-2090,

5

2016 U.S. Dist. LEXIS 84458, at *16 (D.N.J. June 29, 2016) (quoting *Gordon v. Gonzalez*, 232 F. App'x 153, 157 (3d Cir. 2007). Plaintiff's application to proceed *in forma pauperis* ("IFP") is submitted alongside his present (third) motion for *pro bono* counsel and states that he does not have sufficient funds to obtain legal counsel.[1] In his first motion for *pro bono* counsel, Plaintiff claimed he was "unable to obtain and afford counsel on his own behalf." ECF No. 6 at 4. In Plaintiff's second motion for *pro bono* counsel, he attested that he had "no funds to hire a lawyer" and that he had "attempted to obtain the assistance of pro bono counsel…." ECF No. 12 at 3. Plaintiff attached to his present motion for *pro bono* counsel an incomplete affidavit of poverty stating that he makes $45.00 per month. ECF No. 41-1 at 2. The Court finds these submissions favor the appointment of counsel as they demonstrate Plaintiff's indigency.

Overall, weighing the aforementioned factors favors the appointment of *pro bono* counsel at this stage of the litigation. With a number of Plaintiff's claims surviving summary judgment, these claims cannot be considered frivolous. Moreover, Plaintiff is presently incarcerated, restricting his ability to prepare his case for trial, an issue compounded by the complexity of introducing and presenting evidence at trial. Plaintiff's incarcerated status and the proximity to trial taken together with the possible importance of credibility determinations to be made at trial, warrant the appointment of counsel for the limited purpose of trial preparation and presentation.

## IV.   CONCLUSION

Based on the above reasons, the Court hereby **GRANTS** Plaintiff's Motion for Appointment of *Pro Bono* Counsel.

**IT IS** on this 5th day of July 2023,

**ORDERED** that *pro bono* counsel shall be appointed to Plaintiff for the limited purposes of trial preparation and presentation;

---

[1] While the IFP application has not yet been considered, the Court notes Plaintiff failed to have the bottom portion of the form filled out.

**ORDERED** that Plaintiff must resubmit his IFP application with the required signatures to complete the application; and

**ORDERED** that this Order terminates ECF No. 41.

s/*Douglas E. Arpert*
**DOUGLAS E. ARPERT**
**UNITED STATES MAGISTRATE JUDGE**
